```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                       CIVIL MINUTES--GENERAL
```

Case No.   CV 13-7376-JLS(AJW)                         Date: October 11, 2013

**TITLE: <u>Joe Ramirez Hernandez v. E. Valenzuela, et al.,</u>**
========================================================
**PRESENT:  HON.  ANDREW J. WISTRICH, U.S. MAGISTRATE JUDGE**

    <u>Ysela Benavides</u>                      _____
     Deputy Clerk                             Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**
       None                                      None

**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY**

Petitioner filed this petition for writ of habeas corpus on September 30, 2013.[1]

From the face of the petition, it appears that it is barred by the one-year period of limitation set forth in the AEDPA.  28 U.S.C. § 2244(d)(1).  According to the petition, petitioner was convicted in 1996. [Petition at 2].  The California Supreme Court denied his petition for review on January 21, 1998.  See www.appellatecases.courtinfo.gov.ca. Thus, petitioner's conviction became final on April 21, 1998, and he had one year – or until April 21, 1999 – to file a federal petition.  See Patterson v. Stewart, 251 F.3d 1243, 1245-1246 (9th Cir.), cert. denied, 534 U.S. 978 (2001).

This petition was not filed until September 30, 2013, more than fourteen years after the limitation period expired.  Thus, absent grounds for statutory, see 28 U.S.C. § 2244(d)(1) & (2), or equitable tolling of the limitation period, the petition is time-barred.

Petitioner did not have any state habeas petitions pending during the relevant period, thus he is not entitled to statutory tolling.

---

[1] Although the petition was filed by the Clerk's Office on October 4, 2012, petitioner is entitled to the benefit of the "mailbox rule," pursuant to which a state or federal habeas petitions is deemed filed on the date on which petitioner handed it to the proper prison official for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's pleading is deemed filed at the moment it is delivered to prison authorities for forwarding to the district court).  The Court assumes that petitioner handed his petition to the proper prison officials on the date he signed the proof of service.

1

The Supreme Court has explained that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 & n.8 (2005).  In this circuit, equitable tolling of the filing deadline for a habeas petition is available only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  Lott v. Mueller, 304 F.3d 918, 924 (9th Cir. 2002)(quoting Calderon v. United States District Court (Kelly), 163 F.3d 530, 541 (9th Cir. 1998)(en banc)). Equitable tolling may be appropriate when "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim."  Lott, 304 F.3d at 925 (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)).

Petitioner makes conclusory allegations regarding delayed discovery of his claims and his lack of legal knowledge. [Petition at attached pages 13-17].  Under section 2244(d)(1)(D), a petition is timely if it is filed no later than a year from the date on which the factual predicate of the claims "could have been discovered through the exercise of due diligence."  As the Ninth Circuit has explained, under section 2244(d)(1)(D), the limitation period does not begin until the petitioner knows, or through diligence could discover, the important facts underlying his claim, not when petitioner recognizes the facts' legal significance.  Hasan v. Galaza, 254 F.3d 1150, 1154 & n. 3 (9th Cir. 2001) (citing Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."). Petitioner, however, has not explained when he discovered the factual predicate of his claims, nor has he provided the Court with any explanation of what action he took in an effort to discover and present his claims and why he could not have discovered the factual predicate for his claims earlier.

Petitioner must show cause why the petition should not be dismissed as untimely by filing a response to this order within twenty-eight (28) days of the date of this order. In the response to this order, petitioner must describe in detail the steps he took in an effort to uncover the factual or legal basis for his claims. Further, petitioner must describe specifically the nature and duration of any extraordinary circumstances which petitioner believes impeded his ability to timely file his petition.  **All** facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury, see 28 U.S.C. §1746, or in properly authenticated documents.

Petitioner's failure to timely file a response to this order may result in the dismissal of his petition without further warning or opportunity to respond.

**IT IS SO ORDERED.**

MINUTES FORM 11                                        Initials of Deputy Clerk_____
CIVIL-GEN

2