# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE RAMIREZ HERNANDEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>E. VALENZUELA,<br><br>　　　　Warden. | Case No. 1:13-CV-01934-LJO-SMS HC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF PETITION AS UNTIMELY<br><br>(Doc. 5) |

Petitioner Joe Ramirez Hernandez is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 4, 2013, Petitioner filed the petition in the U.S. District Court for the Central District of California. On October 11, 2013, Magistrate Judge Andrew J. Wistrich issued an order to show cause why the petition should not be dismissed as untimely. Petitioner responded on November 8, 2013. On November 19, 2013, before Magistrate Judge Wistrich could resolve the order to show cause, the Court found that the proper venue for the petition was the Eastern District of California and ordered the petition transferred here. The undersigned now reviews the pending order to show cause and recommends that the petition be dismissed as untimely.

///

///

1

In Tulare County, California, in 1996, Petitioner was convicted on drunk driving and weapon possession charges, which conviction constituted a third strike under California law and resulted in Plaintiff's being sentenced to a term of imprisonment of twenty-five years to life. Doc. 1. On January 21, 1998, the California Supreme Court denied his petition for review. Doc. 5. Because the conviction became final on April 21, 1998, the one-year period in which Plaintiff could file a federal petition for writ of habeas corpus expired on April 21, 1999. *See* 28 U.S.C. § 2244(d)(1). This means that Petitioner filed his petition over fourteen years too late. Petitioner concedes that he is not entitled to statutory tolling but argues that he is entitled to equitable tolling based on his legal inexperience and limited access to legal resources.

The one-year statutory period is intended to protect the federal judicial system from having to address stale claims. *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir.), *cert. denied*, 540 U.S. 974 (2003). To effectuate that objective, the bar to achieve equitable tolling is set very high. *Id.* A habeas petitioner is entitled to equitable tolling of the one-year statute of limitations only if the petitioner shows (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2554, 2562 (2010); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). The petitioner bears the burden of alleging facts sufficient to support equitable tolling. *Pace v. Guglielmo*, 544 U.S. 408, 418 (2005).

To satisfy the first prong, the petitioner must demonstrate reasonable diligence. *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010). Failure to act diligently throughout the time at issue will break the link of causation between the extraordinary circumstance and the failure to timely pursue relief. *See Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003) (finding equitable tolling unavailable when the petitioner failed to exercise reasonable diligence under the circumstances that he faced); *Guillory*, 329 F.3d at 1016 (in the absence of diligent effort, extraordinary circumstance did not

///

mandate equitable tolling); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (denying equitable tolling when the petitioner's own conduct rather than external forces accounted for the untimely filing).

"[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). A court should "permit equitable tolling of AEDPA's limitations period 'only if extraordinary circumstances beyond a prisoner's control make it impossible to file a claim on time.'" *Miles*, 187 F.3d at 1107, *quoting Calderon v. United States District Court*, 163 F.3d 530, 541 (9th Cir. 1998), *cert. denied*, 526 U.S. 1060 (1999), *abrogated on other grounds*, *Woodford v. Garceau*, 538 U.S. 202 (2003). The petitioner must show that an external force caused the petition's untimeliness, not "oversight, miscalculation, or negligence." *Waldon-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir.), *cert. denied*, 558 U.S. 897 (2009). A court should determine whether the circumstances are extraordinary using a flexible case-by-case approach, looking for special circumstances that warrant special treatment in an appropriate case. *Holland*, 130 S.Ct. at 2563.

Allegations that a petitioner lacked legal knowledge do not constitute extraordinary circumstances since nearly all inmates lack legal knowledge. *See, e.g., Fisher v. Ramirez-Palmer*, 219 F.Supp.2d 1076, 1080-81 (E.D.Cal. 2002); *Wilson v. Bennett*, 188 F.Supp.2d 347, 353-54 (S.D.N.Y. 2002); *Henderson v. Johnson*, 1 F.Supp.2d 650, 655 (N.D.Tex. 1998). Equitable tolling is not warranted based on a petitioner's lack of understanding of the law. *See, e.g., Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (finding that the petitioner's *pro se* status, the law library's missing some reporter volumes, and the petitioner's reliance on busy inmate helpers were not extraordinary circumstances "given the vicissitudes of prison life"); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an

///

3

extraordinary circumstance warranting equitable tolling"); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) ("[It] is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing'"); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007 (1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling . . . It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason"); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (finding *pro se* petitioner's illiteracy and lack of legal knowledge insufficient to justify equitable tolling).  Nor is equitable tolling warranted because of the delays inherent to prison life, such as lockdowns, inability to obtain relevant legal documents, or physical inability to access the law library: the law requires petitioners to take the restrictions of prison life into account when calculating the time needed to complete and file a federal petition.  *See, e.g., Ramirez*, 571 F.3d at 998 (finding ordinary limitations on access to law library insufficient to warrant equitable tolling); *United States v. Van Poyck*, 980 F.Supp. 1108, 1111 (C.D.Cal. 1997) (finding limitations on law library access due to lockdowns insufficient to merit equitable tolling).  The circumstances leading to Petitioner's untimely submission of his habeas petition were not extraordinary.

Accordingly, the undersigned recommends that Petitioner's habeas corpus petition be dismissed as untimely.

These Findings and Recommendations will be submitted to the Hon. Lawrence J. O'Neill, the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, Petitioner may file written objections with the Court.  The document should be captioned "Objections to

///

///

4

Magistrate Judge's Findings and Recommendations." Petitioner is advised that, by failing to file objections within the specified time, he may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 8, 2014**                         **/s/ Sandra M. Snyder**
                                                                  UNITED STATES MAGISTRATE JUDGE